WATKINS, Judge.
Lawrence Augustus was charged by bill of information with two counts of distribution of marijuana in violation of LSA-R.S. 40:966A. Defendant pled not guilty and, after a jury trial, was found guilty as charged on each count. The trial court sentenced defendant to a two year term of imprisonment at hard labor on each count, to run concurrently. Execution of each sentence was suspended, and defendant was placed on supervised probation for a period of three years with special conditions.
Defendant brings this appeal, urging as his sole assignment of error that the trial court erred when it denied defendant’s motion for post-verdict judgment of acquittal filed pursuant to LSA C.Cr.P. art. 821.[1]
Officers Karl Dunmore and Rico Harden, of the Baton Rouge City Police Department, testified at trial that during January, 1984, they were assigned to an undercover narcotics operation. On January 3, 1984, while on patrol in an unmarked police car, they approached a group of black males standing near the corner of South Boulevard and South 13th Street. In response to the officers’ inquiry about the possibility of obtaining preludin, a member of that group retrieved defendant from his home which was located in the immediate vicinity. Defendant was also asked about the availability of preludin in the neighborhood. Although defendant indicated that none was *591 available, he offered to procure marijuana for the undercover officers. At defendant’s suggestion, the officers drove defendant in their unmarked patrol car to a house located some three blocks away. Defendant was given twenty-five dollars by the officers with which to purchase the marijuana. Defendant entered the house, where the marijuana was purported to be located, and returned some three to five minutes later with marijuana which he delivered to the officers.
The second purchase was similar to the first although only Officer Harden participated. Officer Harden testified that on January 9, 1984, six days after the initial purchase, he visited defendant’s house and asked an unidentified black male who answered the door if the defendant was home. Upon first seeing Officer Harden, defendant inquired: “You looking for some more smoke?” Thereafter, the second purchase proceeded as the initial one.
Defendant took the stand on his own behalf and admitted delivering what he knew to be marijuana to the officers. Under cross examination, defendant admitted that he had obtained “dope” from that same residence on more than the two occasions referenced by the instant charge. Defendant stated that on both occasions, it was the police officers who made the initial inquiries as to where marijuana could be obtained.
By means of this assignment, defendant claims the affirmative defense of entrapment and alleges that he was unlawfully induced by Officers Dunmore and Harden to deliver marijuana to them.
Entrapment is a factual defense on the merits. State v. Bates, 301 So.2d 619 (La.1974). It may be raised as a question of law if the trial court fails to give a charge where the facts merit it. Id. Here defendant requested a full charge of entrapment, which was apparently given.
The law on entrapment is set forth in State v. Batiste, 363 So.2d 639, 641 (La.1978):
Under the generally accepted view an entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining évidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. [citations omitted]
* * * * * *
The inquiry under this test goes beyond the fact that criminal conduct was committed at the instance of law enforcement officials. Once government instigation is shown, the inquiry focuses upon the predisposition of the defendant. Under this test, the ultimate question is whether the inducement by the officers or the defendant’s own predisposition caused the criminal conduct in question.
Having recognized the defense of entrapment, the Louisiana Supreme Court has focused its attention on the predisposition of the defendant to commit the crime at issue as well as the conduct of the police. State v. Richards, 426 So.2d 1314 (La.1982). The entrapment defense will not lie if officers or agents merely furnish a defendant predisposed to commit the crime opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981). The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984).
The evidence of record construed in the light most favorable to the prosecution shows beyond a reasonable doubt that the undercover officers merely furnished the opportunity for defendant to distribute marijuana. See LSA-R.S. 40:961 (9), (13). The predisposition of defendant to be involved in activities of this type resulted in the criminal conduct in this case.
This assignment of error is without merit. The conviction and sentence of the defendant are affirmed.
AFFIRMED.

. In our patent error search, we noted that the minutes of the trial showed that defendant’s counsel was absent for a short period at the beginning of day two of the trial. Defendant did not assign as error the fact that the trial court resumed the trial in his counsel’s absence. Our review of the record shows absolutely no prejudice to defendant on this point. The minimal testimony elicited during counsel’s brief absence was thoroughly summarized after his return, and the witness was completely cross-examined by counsel.