514 So.2d 1189 (1987)
STATE of Louisiana
v.
Stephen A. MURLEY.
No. 87 KA 0084.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Rehearing Denied November 13, 1987.
*1190 William Campbell, New Orleans, for the State.
Marion B. Farmer, Ovington, for defendant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
Defendant, Stephen A. Murley, was charged by bill of information with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966. Defendant filed a motion to suppress physical evidence, which was denied by the trial court. Pursuant to a plea bargain, other outstanding charges were dismissed;[1] defendant pled guilty to the instant charge, reserving his right to appeal the denial of his motion to suppress. See State v. Crosby, 338 So. 2d 584 (La.1976). In accordance with defendant's plea bargain agreement, he was sentenced to imprisonment at hard labor for a term of three years. He has appealed, alleging three assignments of error, to wit:
1. The trial court erred by denying defendant's motion to suppress.
2. The trial court erred by failing to find that defendant did not consent to the search of his vehicle.
3. The trial court erred by failing to find that the stop of defendant's vehicle was illegal.
Testimony adduced at the suppression hearing before Judge France Watts shows that the instant offense occurred on January 24, 1986, in St. Tammany Parish. Louisiana State Police Trooper Phil Domiano testified that, on the day in question, he was working stationary radar on 1-12. Domiano initially observed defendant's vehicle approaching from his rear.[2] He clocked defendant traveling at fifty-nine miles per hour in a fifty-five mile per hour speed zone and observed defendant change from the left to the right traffic lane without signalling the change of lanes. On those bases, Domiano stopped defendant's vehicle.
After stopping defendant's vehicle, Domiano asked defendant to come to the rear of the vehicle. Defendant complied and produced a "somewhat tattered" Mississippi driver's license. Domiano asked defendant for the vehicle's registration, and defendant replied that he had none. At that point, Domiano proceeded to check the registration through Louisiana State Police Troop L. Defendant became "somewhat nervous"; defendant's only passenger, Cheryl Keith Sonnier, "appeared to be apprehensive" and kept glancing in Domiano's direction.
Troop L advised Domiano that no record of defendant's driver's license could be found. Domiano asked the troop to check defendant's criminal history and was informed *1191 that defendant had two or three prior arrests. Domiano then spoke to Ms. Sonnier, who told him she and defendant were coming from Texas. Defendant had only shortly before told Domiano that he was coming from Baton Rouge, and he became "extremely nervous." Domiano testified that his suspicions intensified on the basis of the foregoing inconsistent statements and the excessive nervousness of defendant and Ms. Sonnier.
Domiano asked defendant for his permission to search defendant's vehicle and presented defendant a consent to search form. Domiano testified that defendant orally agreed to the search, but that he declined to sign the form. Thereafter, Domiano contacted Louisiana State Police Trooper Kenneth Wichterich[3] and asked him to come to the scene. The testimony of Domiano and Wichterich shows that Domiano asked defendant's permission to search defendant's vehicle after Wichterick arrived at the location and that defendant again orally agreed to the search and refused to sign a written consent to the search.
Domiano testified that he found two suitcases inside the trunk of defendant's car. He could smell the odor of marijuana. Although the suitcases were locked, there was an open space adjacent to the lock of one of the suitcases. Domiano managed to stick his finger through the opening and retrieve a plastic bag of marijuana from the suitcase. Defendant and Ms. Sonnier were advised of their Miranda rights and placed under arrest.
Defendant testified at the suppression hearing. He admitted that he was speeding when Domiano stopped his vehicle, but he denied that he gave Domiano verbal consent to search the vehicle.
ASSIGNMENTS OF ERROR NOS. ONE, TWO AND THREE:
By means of these assignments, defendant contends that the trial court erred by denying his motion to suppress the marijuana, by failing to find there was no consent to search and by failing to find that the stop was illegal and not a bona fide traffic stop.
The fourth amendment to the federal constitution and art. 1, § 5, of the Louisiana Constitution protects people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Herein, because defendant was caught violating state traffic laws by exceeding the speed limit and by improperly changing traffic lanes without signalling a change of lanes, Trooper Domiano clearly had the right to stop defendant's car and interrogate him in accordance with La.C.Cr.P. art. 215.1. Hence, the investigatory stop of defendant was legal; we now turn our attention to the issue of whether or not defendant consented to the search of his automobile.
It is well settled under the federal and our state constitutions that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. One of the specifically established exceptions to both a warrant and probable cause is a search conducted pursuant to consent. When the state seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving the consent was given freely and voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Pautard, 485 So.2d 909 (La.1986). Because consent is a question of fact involving credibility of the witnesses, the determination of the trial judge, who had an opportunity to observe and hear the witnesses, is given great weight on review. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984).
*1192 In denying defendant's motion to suppress, the trial court obviously concluded that the testimony of Troopers Domiano and Wichterich that defendant orally consented to the search of his car was more credible than the testimony adduced on behalf of defendant. After reviewing the evidence presented by the state, we agree with the trial court's ruling and conclude that defendant freely and voluntarily consented to the search of his automobile. Hence, we find that defendant's consent was valid, that the search made by Domiano was legal and that the seizure of the evidence which resulted from the search was lawful.
These assignments lack merit. For these reasons, the conviction and sentence of defendant are affirmed.
AFFIRM CONVICTION AND SENTENCE.
NOTES
[1] The other outstanding charges consisted of the following: (1) possession of marijuana with intent to distribute filed against Cheryl K. Sonnier, co-defendant, (2) possession of methamphetamine and illegal possession of stolen things filed against defendant and Ms. Sonnier, and (3) driving in excess of the speed limit filed against defendant.
[2] Contrary to defendant's general and unsupported assertion in brief that the stop of his vehicle was a pretextual stop, during intense cross-examination, Domiano denied that he had received any communication prior to the stop that he should stop defendant's vehicle or that he had ever previously seen defendant, Ms. Sonnier, or defendant's vehicle.
[3] Kenneth Wichterich's testimony reveals that he was a trooper at the time of the instant offense, although he is no longer employed by the Louisiana State Police.