459 So.2d 31 (1984)
STATE of Louisiana
v.
Robert L. RICHARDSON.
No. KA 84 0017.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Rehearing Denied November 21, 1984.
*33 Margaret A. Coon, Asst. Dist. Atty., Covington, for the State.
David J. Knight, Indigent Defender, Covington, for defendant.
Before COVINGTON, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
Robert L. Richardson was charged by bill of information with one count of armed robbery in violation of La.R.S. 14:64. Defendant pled not guilty and, after a jury trial, was found guilty as charged. Defendant was subsequently charged and sentenced as a Second Felony Habitual Offender. The court sentenced defendant to be confined in the custody of the Department of Corrections for a period of thirty-three years without benefit of probation, parole, or suspension of sentence.
Defendant brings this appeal urging eight assignments of error:
1. The court erred in denying defendant's pre-trial motion to suppress identification.
2. The court erred in denying defendant's pre-trial motion to suppress evidence.
3. The court erred in denying defendant's requested jury charge.
4. The court erred in allowing the state to impeach its own witness.
5. The court erred in denying defendant's motion for a new trial.
6. The court erred in denying defendant's motion for post-verdict judgment of acquittal.
7. The court erred in sentencing defendant as a multiple offender.
*34 8. Because of patent error on the face of the record, the conviction should be reversed.
On the evening of November 24, 1982, Shirley Speed was working as a cashier at Quickstop Number 4, a store located in Covington, Louisiana. A man came behind the counter where Ms. Speed was working, grabbed her and while holding her at knife point removed money from the cash register and a receipt box.
Summoned by activation of a silent alarm, Covington police officers arrived on the scene some ten minutes after the robbery. Descriptions of the robber were provided police by Shirley Speed and Ronnie Knight, another store employee, who had been sweeping the parking lot while the robbery was in progress. Both Shirley Speed and Ronnie Knight recognized the robber as a store customer on prior occasions, but neither was able to give police his name.
From the descriptions provided by the victim and witness, the police assembled a photo array. A short time later they returned to the store and the photos were shown to Shirley Speed and Ronnie Knight, individually. Defendant, whose picture was one of six in the photo array, was positively identified as the robber by each.
A short time thereafter, defendant was arrested at his residence and transported for booking. Defendant's residence was later searched pursuant to a consent for search authorized by defendant's girlfriend/roommate, Loretta Brown.

ASSIGNMENT OF ERROR NUMBER 1
By means of this assignment, defendant urges that the trial judge erred in denying the motion to suppress his identification as perpetrator of the instant crime because the circumstances of an alleged one-on-one confrontation were impermissibly suggestive.
Testimony adduced at the hearing on the motion to suppress indicates that, after closing the Quickstop Number 4 store at about 11:00 p.m. on the night of the robbery, Shirley Speed and Ronnie Knight went to the Covington Police Station to aid the police in preparing a detailed report of the incident unaware that police had already arrested defendant. Both Shirley Speed and Ronnie Knight testified that, as they entered the police station, they immediately recognized defendant who was seated in an adjacent room.
Shortly thereafter, Shirley Speed and Ronnie Knight had further opportunity to observe defendant as he passed near them while being escorted from the police station.
Shirley Speed testified that the police did not draw her attention to defendant nor ask her to identify him. Ronnie Knight's testimony differed somewhat as he indicated that a police officer did inquire, after defendant was taken outside the station, if defendant was the right man.
From the record, it appears that Shirley Speed's and Ronnie Knight's encounter with defendant at the police station is governed by those cases dealing with inadvertent meetings between victim and/or witness and suspects. See State v. Loyd, 425 So.2d 710 (La.1982). There is no indication of impropriety or of police suggestiveness. Both Shirley Speed and Ronnie Knight had previously made immediate and definite identifications of defendant as the robber after examining the photo array. Those identifications were both reliable and admissible.
Defendant's contention that the accidental sighting at the police station was prejudicial to his identification lacks merit for it is clear from the record that this sighting was not until after defendant had already been identified from the photographic array. See, State v. Douglas, 389 So.2d 1263 (La.1980).
Moreover, it is the likelihood of misidentification which violates due process and not merely a suggestive identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
*35 In the instant case, the victim observed the robber clearly and at very close range during the armed robbery. The photographic identification occurred within an hour of the offense. The victim's identification of defendant was unequivocal. Although the witness, Ronnie Knight, was some distance from the actual robbery, he observed the robbery in progress through the store window, and saw the robber at close range as he passed by him when entering the store. Further, he recognized the robber as someone he knew by sight and, independently, unequivocally identified defendant. Thus, there is no substantial possibility of misidentification due to the inadvertent sighting.
Defendant further argues that his Sixth Amendment right to counsel was violated because he did not have assistance of counsel during the encounter at the police station. Absent special circumstances, the presence of counsel is not even required at a pre-indictment line-up, Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), and the instant situation involved only an inadvertent sighting. Since due process safeguards usually provide adequate protection for a defendant before a formal charge, the right to counsel was explicitly limited in Kirby to a criminal prosecution, which commences only with the initiation of adversary judicial proceedings by formal charge, preliminary hearing, indictment, information or arraignment.
In the present case, the police station encounter was a short time after the robbery. The record does not reveal that defendant had an attorney at that time or that he requested presence of counsel. Moreover, defendant does not assert any special circumstance which would justify an exception to the general rule that the presence of counsel is not required. See State v. Bickham, 404 So.2d 929 (La.1981).
The trial court's determination that identification testimony was admissible is to be given great weight and should not be disturbed unless a preponderance of evidence mandates. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
Based on the facts, we are of the opinion that the accuracy of the victim's identification was reliable and therefore properly admissible.
Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
By means of this assignment, defendant urges that the trial court erred in denying his motion to suppress physical evidence, including defendant's wallet and cash money, seized as a result of a search of his residence.
Evidence adduced at the hearing on the motion to suppress reveals that following defendant's arrest, various police officers, including Sgt. Blount, sought permission of defendant's girlfriend/roommate, Loretta Brown, to search the residence that she shared with defendant.
Loretta Brown testified that she did sign a form before the house was searched, but was not made aware of the contents of that form. She also stated that Sgt. Blount advised her that he already had a search warrant and that she would be in trouble for any failure to cooperate.
Allegations of wrongdoing were expressly refuted by Sgt. Blount who testified that he read the contents of the consent to search waiver to Ms. Brown prior to her signing and otherwise explained that she could deny permission to search. Sgt. Blount also denied having threatened Loretta Brown.
One of the specifically established exceptions to the requirements of both a search warrant and probable cause is a search conducted pursuant to consent. When the state seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving that the consent was given freely and voluntarily. State v. Ossey, 446 So.2d 280 (La.1984). Voluntariness is a question of fact to be determined by the trial judge under the facts and circumstances surrounding each case.
*36 Because consent is a question of fact involving credibility of the witnesses, the determination of the trial judge, who had an opportunity to observe and hear the witnesses, is given great weight on review. Id.; State v. MacDonald, 390 So.2d 1276 (La.1980); State v. Wright, 441 So.2d 1301 (La.App. 1st Cir.1983).
We find the trial judge properly analyzed the totality of the circumstances and correctly denied the motion to suppress ruling that the seized items, which included defendant's wallet and some cash money, were obtained after a valid consent. The assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 3
As assignment of error number three, defendant contends that the trial judge erred in refusing to give a special requested jury charge concerning misidentification.
It is the duty of the trial judge to give a requested charge, which does not require qualification, limitation, or explanation and is not included in the general charge or in another special charge to be given, if it is wholly correct and pertinent to the case. La.Code Crim.P. art. 807; State v. Shilling, 440 So.2d 110 (La.1983).
The record reflects that the trial judge properly instructed the jury to consider witnesses' abilities and opportunities to observe in determining the credibility of testimony relating to identification and weight to be given to such testimony.
Defendant's requested special charge was sufficiently included in the general charge given by the court. State v. Foy, 439 So.2d 433 (La.1983). Moreover, the fallibility of eye witness identification was argued orally to the jury. Thus, the trial court did not err in refusing to give this charge to the jury, and as such, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 4
By this assignment of error, defendant argues that it was error for the trial court to allow the state to impeach the testimony of its own witness, Loretta Brown, by means of prior inconsistent statements.
At trial on the merits, on direct examination, the state claimed surprise as the result of the following colloquy:
Q. Now did he (defendant) tell you anything when he handed you that money?
A. No, he did not.
The jury was then retired during which time the state sought to establish a predicate to show surprise and lay a foundation for proof of prior inconsistent statements.
Ms. Brown's attention was drawn to the existence of a taped statement made by her at the police station on November 24, 1982.
Ms. Brown denied having given a taped statement and the relevant portion of the taped reply to police questioning was played back, providing in pertinent part: "[w]hen he came back, he had some money, and I asked him where he got the money from and he told me he wasn't going to tell me because I talk to [sic] much."
The state again claimed surprise when Ms. Brown denied that she had said defendant was wearing a hat when he left their house on the night of the robbery. The state expanded its basis for seeking impeachment by claiming that Loretta Brown was a hostile witness arguing:
She [Loretta Brown] had admitted talking to defense counsel. She is obviously a hostile witness. She is living with the man [defendant]. She doesn't want to be here today.
The trial judge then ruled that the state had a right to impeach the witness' testimony in front of the jury, and the jury was returned into open court.
Ms. Brown then testified consistently with her taped reply with respect to the source of the money, but maintained that defendant was not wearing a cap, and was wearing a plaid coat when he left their home on the night of the robbery. She also maintained that she had not stated otherwise when she gave a taped statement to the police.
*37 Relevant portions of the taped statement, where Ms. Brown had described defendant's clothing inconsistently with her trial testimony, were played for the jury.
La.R.S. 15:487 provides that one may impeach his own witness with prior inconsistent statements if taken by surprise by the testimony of such witness, or if the witness shows hostility toward him. Therefore, either surprise or hostility will permit impeachment by prior inconsistent statements, and both need not be present. State v. Edwards, 419 So.2d 881 (La.1982).
Ms. Brown's hostility toward the state is evidenced by the record. Her answers concerning the night of the robbery were evasive, often denying that she made the answers attributed to her in the taped statement. Her hostility to the state is further evidenced by her relationship with defendant, with whom she was still residing at the time of trial. Thus, it was not improper to allow her to be impeached when she testified to facts directly contrary to her prior taped statement.
Defendant further contends that the manner of impeachment was improper. Defendant argues that once the witness admitted that she had made the prior inconsistent statements it was error for the state to present the detailed contents of those statements before the jury.
La.R.S. 15:493 provides the guidelines for admissibility of a prior contradictory statement. In the instant case, contrary to defendant's contention, it was not until after the relevant portion of the tape had been played that Ms. Brown admitted making any particular statement.
Prior inconsistent testimony is relevant only to a witness' credibility and is not to be used as substantive evidence of the defendant's guilt. The jury is better able to assess a witness' credibility by having access to his prior self-contradictory statement.
In the instant case, it was introduced after a proper predicate had been laid in which Loretta Brown was given an opportunity to admit, deny or explain the facts therein. Accordingly, the court properly admitted into evidence the relevant portions of the taped statement given by the witness to police officers, as she had not admitted making, in substance, those prior inconsistent statements.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS 5 AND 6
By means of Assignment of Error Number 5, defendant urges that the trial judge erred by failing to grant defendant's motion for a new trial based on three grounds.
The second ground argued in the overruled motion formed the basis for Assignments of Error Numbers 1 and 2. Accordingly, a new trial is not justified for reasons fully set forth in our discussion of each of those assignments of error.
The third ground is made pursuant to La.Code Crim.P. art. 851(5). Where the defendant's motion for a new trial is based on La.Code Crim.P. art. 851(5), allowing the trial court to consider the weight of the evidence, the granting or denial of a new trial is not subject to review by the appellate courts. La. Const. art. V, § 10(B); La.Code Crim.P. art. 858; State v. Bell, 442 So.2d 715 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La.1984).
Only the weight of the evidence, and not the legal insufficiency of the evidence (the first ground urged herein) can be reviewed by the trial judge in a motion for new trial under La.Code Crim.P. art. 851. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). If the trial judge finds the evidence legally insufficient, he must do so under La.Code Crim.P. art. 821. See, State v. Korman, supra.
Defendant argues that the state failed to prove his identity as the perpetrator of the instant offense. By means of Assignment of Error Number 6, defendant cites the same basis as providing error from denial of his motion for post-verdict judgment of *38 acquittal, filed pursuant to La.Code Crim.P. art. 821.
Where the key issue is defendant's identity as the perpetrator, rather than whether the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. Long, 408 So.2d 1221 (La.1982); State v. Thomas, 439 So.2d 629 (La.App. 1st Cir. 1983).
After viewing the entire record of evidence received at trial, we find that the state proved each element of the crime, and negated any reasonable probability of misidentification beyond a reasonable doubt. La.Code Crim.P. art. 821; State v. Long, supra.
To prove that it was defendant who committed the crime, the state presented evidence of Shirley Speed's and Ronnie Knight's identification of defendant in a photographic lineup, an in-court identification of defendant by each eye-witness, and evidence that a short time after the crime defendant gave his girlfriend a sum of cash money from an unidentified source.
Defendant attempted to rebut the evidence with alibi testimony, provided by relatives and friends, that he was either at his mother's house or outside the Ponderosa Bar around the time of the robbery. However, this testimony also placed defendant in the vicinity of Quick Stop Number 4 near the time of the robbery.
To explain the cash money found at his home, defendant testified that he derived it from gambling on Sunday or Monday before the robbery, which occurred on a Wednesday. One of the defendant's friends testified as to a gambling incident but recalled it had occurred in early November.
Defendant also offered as his witness a St. Tammany Parish deputy sheriff, who had known defendant since 1975, and testified that a man other than defendant wanted for armed robbery in another case, looks exactly like defendant.
The jury's verdict indicates that after considering the credibility of the witnesses and weighing the evidence it accepted the testimony of Shirley Speed and Ronnie Knight.
Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984).
The trier of fact may accept or reject, in whole or in part, the testimony of any witness. Id. For the foregoing reasons, these assignments of error are without merit.

ASSIGNMENTS OF ERROR NUMBER 7
Defendant contends that the trial judge erred in adjudging him a second felony offender. In bringing this argument, defendant urges that the documents introduced to prove the predicate felony were inadmissible hearsay; and that the state failed to offer competent evidence that the guilty plea which formed a basis of the predicate conviction was knowing and voluntary.
The contention that there was inadequate or incompetent proof tendered to establish the predicate felony conviction is without merit.
In order to prove defendant is an habitual offender, the state need establish by competent evidence that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982). Prima facie proof of a prior felony conviction may be established by compliance with La.R.S. 15:529.1 subsection F. Nevertheless, jurisprudence has additionally provided that necessary facts which permit enhanced punishment may be proved by other competent evidence. State v. Curtis, 338 So.2d 662 (La. 1976).
To establish the predicate felony conviction in the instant case, the state introduced certified copies of a bill of information, *39 sentence, and committment of Robert L. Richardson, Jr. from the Twenty-fourth Judicial District Court of the Parish of Jefferson, the conviction trial court.
These documents are admissible under the traditional public documents exception to the rule against hearsay. See State v. Nicholas, 359 So.2d 965 (La.1978).
The exception is founded primarily upon the presumption that an individual entrusted with a duty [such as a clerk of court] will do his duty and make a correct statement ... [Moreover] ... the usual hearsay requirement that the declarant [here the custodian of the court records]12 ... be shown to be unavailable, is dispensed with, largely because of the public inconvenience that would otherwise result from the disruption of public business to be occasioned by the continual summoning of public officers to prove routine facts reflected by their records with a high probability of accuracy. [footnote omitted] 359 So.2d at 968, 969.
Once the state establishes a prior felony conviction, it must offer proof that the accused is the same person who was convicted of the prior felony. State v. Curtis, supra.
In the instant case, the probation officer who supervised defendant's probation in connection with the July 17, 1980, conviction testified that defendant was the same person whom she had supervised.
Defendant also testified at the instant trial for armed robbery admitting in substance to the predicate felony conviction in Jefferson Parish, Louisiana.
The trial court has a right in an habitual offender proceeding to take judicial cognizance of any prior proceeding which was part of the same case he had previously tried. State v. Martin, 400 So.2d 1063 (La.1981) on rehearing; State v. Jones, 332 So.2d 461 (La.1976). The copies of the Twenty-fourth Judicial District Court records and cognizance of defendant's admission of his previous conviction during his trial were adequate proof of the prior felony conviction.
The state also introduced a certified copy of defendant's acknowledgement of constitutional rights and waiver of rights on entry of a plea of guilty, executed by defendant, his attorney, and the judge, and transcript of plea of guilty.
Defendant did not contend in the trial court that there had not been a proper waiver of his full Boykin rights on the predicate felony; but rather, that the documents offered by the state were not properly authenticated.
In State v. Nelson, 379 So.2d 1072 (La. 1980), the Louisiana Supreme Court noted that:
[W]ith respect to a conviction based on a guilty plea in a Louisiana court subsequent to December 8, 1971, if the defendant objects to the predicate for the state's evidence that the guilty plea was knowing and voluntary, the state has the burden of showing affirmatively a contemporaneous record that, at the time of the plea, the accused was informed of and made a knowing waiver of his privileges against self-incrimination, his right to a jury trial, and his right of confrontation. If the defendant does not object on this ground, the state, in order to establish the knowing and voluntary guilty plea, is required only to prove that the prior conviction resulted from the defendant's guilty plea at which he was represented by counsel. [emphasis added] 379 So.2d at 1074.
Accordingly, the waiver of rights form authenticated by signature and seal of a deputy clerk of court for the Twenty-fourth Judicial District Court and admissible by virtue of the public documents exception to the hearsay rule, discussed more fully above, satisfied the state's burden.
The assignment of error is, therefore, without merit.

ALLEGATION OF ERROR BRIEFED BUT NOT FORMALLY ASSIGNED (ARGUMENT 8 IN BRIEF)
By means of this argument, defendant urges an additional error which *40 appears for the first time in his brief. Defendant contends that his sentence of 33 years at hard labor without the benefit of probation, parole, or suspension of sentence is excessive.
As an habitual offender, whose second felony conviction was for armed robbery, defendant's sentencing exposure was from a minimum period of incarceration of 33 years at hard labor without benefit of probation, parole or suspension of sentence to a maximum sentence of 198 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. La.R.S. 14:64; La.R.S. 15:529.1(A)(1).
Defendant was sentenced to the statutorily mandated minimum period of incarceration. La.R.S. 15:529.1, which provides enhanced penalties for multiple offenders based on repetition of criminal conduct, has been upheld against attacks that it deprived the trial judge of control over sentencing. See, State v. Lawson, 410 So.2d 1101 (La.1982). La.R.S. 15:529.1 is a valid limitation on the sentencing considerations listed in La.Code Crim.P. art. 894.1. Id.
Accordingly, this argument lacks merit.

ASSIGNMENT OF ERROR NUMBER 8 (NUMBER 9 IN BRIEF)
This assignment designates as error all errors patent on the face of the record. There being none, this assignment is without merit.
Therefore, the conviction and sentence are affirmed. AFFIRMED.