591 So.2d 1193 (1991)
STATE of Louisiana
v.
Benjamin BENNETT.
No. KA 90 1644.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Writ Denied March 26, 1992.
*1194 John D. Schoonenberg, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
Roy A. Jefferson, Jr., Office of Indigent Defenders, Houma, for defendant and appellant, Benjamin Bennett.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
The defendant, Benjamin Bennett, was charged by grand jury indictment with aggravated rape, a violation of La.R.S. 14:42 A(4). He pled not guilty and, after trial by jury, was found guilty as charged. He received the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant has appealed, alleging eleven assignments of error, as follows:
1. The trial court erred in allowing the five year old victim to testify at the trial.
2. The trial court erred in allowing the victim's videotaped statement to be admitted into evidence at the trial.
3. The trial court erred in allowing the testimony of two State witnesses.
4. The trial court erred in allowing the victim's mother to relate what she had been told about the incident by the victim.
5. The trial court erred in sustaining the State's objection during the cross-examination of the victim's mother.
6. The trial court erred in allowing a State witness, Vickie Simmons, to relate what she had been told about the incident by the victim.
7. The trial court erred in allowing a State witness, Jessica Morgel, to relate what she had been told about the incident by the victim.

*1195 8. The trial court erred in denying the defendant's motion for a mistrial.
9. The jury's verdict was contrary to the law and evidence.
10. The trial court erred in denying the defendant's motion for a new trial.
11. The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.
In October of 1989, the victim, who was a four year old female, and her mother were living with the latter's godmother, Vickie Simmons, in Morgan City, Louisiana. Mrs. Simmons had two daughters, Jessica and Elizabeth Morgel. The defendant is the victim's father, although he and the victim's mother never married. The defendant lived with his mother, grandmother, and other relatives in Gibson, Louisiana. The victim occasionally visited the defendant and his relatives.
On Friday, October 6, 1989, Mrs. Simmons and the victim's mother took the victim to Gibson to spend the weekend with the defendant and his family. Although the victim had apparently expressed a desire to visit her grandmother (the defendant's mother), she cried when she arrived and did not want to stay. After apparently being scolded by her mother, the victim changed her mind and decided to stay with the defendant's relatives for the weekend.
Mrs. Simmons and the victim's mother picked up the victim Sunday afternoon, October 8. At some point, the victim had informed Jessica Morgel that the defendant was "nasty" and that he had played with her "private". Jessica Morgel related this information to her mother and/or the victim's mother. When Mrs. Simmons and the victim's mother questioned the victim, she informed them that the defendant had touched her "private spot" with his "private spot". Mrs. Simmons and the victim's mother immediately reported the incident to the police. The victim made a videotaped statement (State Exhibit One) in which she related details of the incident. On the evening of October 8, Dr. Ann Lozes examined the victim and determined that her hymen was red and swollen. Dr. Lozes also noted a tear or abrasion in the victim's hymen and concluded that she had suffered an injury or trauma to the vaginal area within twenty-four to forty-eight hours of the examination.
The defendant testified that he did not molest the victim and that he was never alone with the victim that weekend. The defendant's mother, grandmother, and two nephews also testified that the defendant was not alone with the victim that weekend.

ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, the defendant contends that the trial court erred in allowing the victim to testify. Specifically, he contends that the victim, who was four years old when the offense occurred and five years old at the time of trial, was not a competent witness.
Every person of proper understanding is competent to be a witness except as otherwise provided by legislation. La.C.E. art. 601. Understanding, and not age, is the test of whether any person shall be sworn as a witness.[1]State v. Francis, 337 So.2d 487, 489 (1976). The determination by the trial court that a child is competent to testify as a witness is based not only upon the child's answers to questions testing his understanding, but also upon the child's overall demeanor on the witness stand. State v. Racca, 525 So.2d 1229, 1232 (La.App. 1st Cir.1988). The determination as to whether a child has sufficient understanding to testify is entitled to great weight because the trial court has the advantage of seeing and hearing the witness. State v. Dees, 439 So.2d 614, 616 (La.App. 1st Cir.1983). Therefore, the trial court is vested with wide discretion in determining the competency of child witnesses; and, on appeal, its ruling is entitled to great weight and will not be disturbed in the absence of manifest error. State v. Anderson, 526 So.2d 499, 501 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1160 (1989).
After reviewing the record, we find no error in the trial court's decision to *1196 allow the witness to testify. Out of the jury's presence, the trial court examined the witness in order to determine her competency. The witness correctly stated her age, street address, hometown, and school. The trial court asked the witness if she knew what it meant to tell the truth and to tell a lie. The witness responded in the affirmative. When asked if she believed in God, and if God expected her to tell the truth in the courtroom, the witness responded in the affirmative to both questions. Although the trial court gave defense counsel the opportunity to question the witness in order to attack her competency, defense counsel declined to do so. See State v. Anderson, 526 So.2d at 502. Instead, defense counsel simply objected to the trial court's competency determination on the basis that the witness was "timid". The trial court agreed that the witness was timid but overruled defense counsel's objection and allowed the victim to testify. For the above reasons, we conclude that the trial court's ruling was correct.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO:
In this assignment of error, the defendant contends that the trial court erred in allowing State Exhibit One to be admitted into evidence over his objection.
State Exhibit One was a videotape of the victim's statement taken pursuant to La. R.S. 15:440.1, et. seq. At the trial, defense counsel offered numerous objections to State Exhibit One, all of which were overruled by the trial court. However, on appeal, the defendant argues only that the videotape should not have been introduced into evidence because: (1) a relative, Vickie Simmons, was present during the videotaped statement in violation of La.R.S. 15:440.4 A(2); and, (2) the introduction of the videotaped statement violated the defendant's right to confront and cross-examine his accuser.
La.R.S. 15:440.4 A(2) provides:
A. A videotape of a child fourteen years of age or under may be offered in evidence either for or against a defendant charged with the rape or physical or sexual abuse of a child. To render such a videotape competent evidence, it must be satisfactorily proved:
* * * * * *
(2) That no relative of the victim of the physical or sexual abuse was present in the room where the recording was made.
At the trial, it was established that Vickie Simmons was the godmother of the victim's mother. While the victim referred to Mrs. Simmons as her "nanny", and the victim and her mother were living with Mrs. Simmons at the time of the instant offense, there was no relationship by blood or marriage between the victim and Mrs. Simmons. In State v. Gray, 533 So.2d 1242, 1249 (La.App. 4th Cir.1988), writ denied, 546 So.2d 1209 (1989), the Fourth Circuit concluded that a foster parent was not a relative within the meaning of La.R.S. 15:440.4 A(2). We likewise conclude that Mrs. Simmons was not a relative under the provisions of this statute.
Concerning the defendant's right to confrontation and cross-examination, the Second Circuit has concluded that such rights are not violated by the use of a videotaped statement which complies with the admissibility requirements of La.R.S. 15:440.5. State v. Shelton, 545 So.2d 1285, 1293 (ftnt. 3) (La.App.2d Cir.), writ denied, 552 So.2d 377 (1989). In the instant case, we find that State Exhibit One complied with the requirements of La.R.S. 15:440.1 et seq. In this case, the victim, Mrs. Simmons, and Detective T.J. Soudelier, Jr. (who conducted the videotaped interview) all testified and were cross-examined at the trial. Accordingly, the trial court did not err in allowing State Exhibit One to be introduced into evidence over the defendant's objection.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. THREE:
In this assignment of error, the defendant contends that the trial court erred in allowing Jessica and Elizabeth Morgel to testify over his objection.
In his brief to this Court, the defendant notes that he was provided with open file *1197 discovery in the instant case. However, according to the defendant, the prosecutor's file contained no information concerning Jessica and Elizabeth Morgel. In brief, defense counsel asserts that he objected at trial to these witnesses testifying on the basis that "the defense was not afforded the opportunity to evaluate their testimony and/or prepare an adequate defense thereto." The defendant concludes that the trial court should have precluded their testimony.
Initially, we note that only Jessica Morgel testified; Elizabeth Morgel did not testify at the instant trial. Next, we note that the record does not contain a contemporaneous objection by defense counsel to Jessica Morgel's testimony. The record does indicate that, before she testified, there was an off-the-record discussion. Perhaps the defendant lodged an objection to her testimony at this point. However, in the absence of a contemporaneous objection in the record, this Court cannot review this assignment of error, as this issue represents a new ground for objection which may not be raised for the first time on appeal. La.C.Cr.P. art. 841; State v. Hawkins, 496 So.2d 643, 647 (La.App. 1st Cir. 1986), writ denied, 500 So.2d 420 (1987). The purpose of the contemporaneous objection requirement (and of the prohibition against raising unobjected to errors on appeal) is to require the objecting party to call the alleged error to the trial court's attention at a time when it can be corrected. State v. Williams, 524 So.2d 746, 747 (ftnt. 4) (1988).
Furthermore, we note that a defendant generally does not have a right to the names and addresses of State witnesses. State v. Vampran, 491 So.2d 1356, 1363 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (1986). Of course, without defendant calling the matter to the trial court's attention and placing into the record evidence as to what was to be provided in discovery, this Court cannot properly review this assignment of error. In any event, even assuming, arguendo, that the trial court erred in allowing Jessica Morgel to testify, any such error was harmless beyond a reasonable doubt, as her testimony was merely cumulative and corroborative of the previously admitted testimony of the victim's mother and Mrs. Simmons. See La.C.Cr.P. art. 921; State v. Byrd, 540 So.2d 1110, 1114 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (1989).
Accordingly, we find no merit in this assignment of error.

ASSIGNMENTS OF ERROR NOS. FOUR, SIX, AND SEVEN:
In these assignments of error, the defendant contends that the trial court erred in allowing Jessica Morgel, Mrs. Simmons and the victim's mother, to give hearsay testimony over his objections. Specifically, all three witnesses related statements which the victim made to them concerning sexual abuse by defendant.
Jessica Morgel testified at trial that the victim told her that the defendant was "nasty" and that he had played with the victim's "private". When defense counsel objected to this testimony as hearsay, the State responded that the testimony was being offered for the sole purpose of establishing how the victim's mother and Mrs. Simmons first learned of possible sexual abuse of the victim by defendant. The court allowed the testimony for that limited purpose.
We find no error in the trial court's ruling. Under La.C.E. art. 801 C, hearsay is defined as:
[A] statement, other than the one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. (emphasis added).
In this instance, Jessica Morgel's testimony was specifically offered for the limited purpose of establishing how the victim's mother and Mrs. Simmons became suspicious that the victim had been sexually abused by defendant. Since this testimony was not offered to prove the truth of whether such abuse had in fact occurred, it was not hearsay under art. 801 C. Thus, the objected to testimony of Jessica Morgel was clearly admissible over the defendant's hearsay objection.
*1198 The testimony of the victim's mother and Mrs. Simmons presents a more difficult problem. After Jessica Morgel informed her mother, Mrs. Simmons, and the victim's mother of what the victim had told her, they questioned the victim about the incident. The victim also told them that the defendant had played "nasty" with her. When they specifically asked the victim what the defendant had done, the victim informed them that the defendant had placed his "private spot" in her "private spot". The defendant objected to this testimony by the victim's mother and Mrs. Simmons on the basis of hearsay, but the trial court overruled his objections.
There is no doubt that the victim's initial complaint of sexual abuse was made to Jessica Morgel. However, this complaint was not very specific. Arguably, the first complaint of sexually assaultive behavior was made by the victim to her mother and Mrs. Simmons. Even assuming, arguendo, that their testimony relating what the victim told them about the incident was not the initial complaint and, therefore, not admissible pursuant to La.C.E. art. 801 D(1)(d), we note that the victim also testified and related the same information, i.e., that the defendant had sexual intercourse with her by touching her "private spot" with his "private spot". Given this testimony by the victim, the testimony of the victim's mother and Mrs. Simmons was merely cumulative of other properly admitted evidence and, therefore, any error in admitting their testimony was harmless beyond a reasonable doubt. La.C.Cr.P. art. 921; State v. Martin, 558 So.2d 654, 659 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (1990).
These assignments of error are meritless.

ASSIGNMENT OF ERROR NO. FIVE:
In this assignment of error, the defendant contends that the trial court erred in restricting his cross-examination of the victim's mother as to whether or not she was living with a man to whom she was not married.
During the cross-examination of the victim's mother, defense counsel asked if she was "living with anyone at present?" The prosecutor objected, arguing that the question was not relevant. Defense counsel responded: "Judge, I think it's relevant to the defense, your Honor, concerning whether and when this may in fact have occurred." The trial court sustained the objection.
In his brief to this Court, the defendant now contends that someone else might have committed the instant offense and that the above question was relevant to explore the possibility that someone the victim's mother was living with, perhaps a boyfriend or lover, committed the instant offense and was being protected by the victim's mother. Defendant also contends that this alleged boyfriend/lover might have been living with the victim's mother at the time of the instant offense.
Initially, we note that an attempt to suggest that someone other than the defendant committed this offense was not evident from this question. Although defense counsel stated, in response to the prosecutor's objection on relevancy grounds, that this question was relevant to the defense "concerning whether and when" the offense "may in fact have occurred", defense counsel did not explain how or why the question would demonstrate that someone else committed the instant offense, nor did he explain to the trial court that further questions along this line would do so. In our view, the speculative nature of defense counsel's question is illuminated by the following contention in the defendant's brief to this Court: "had she [the victim's mother] been living with another man at the time of the incident in question that (sic) this individual could have been the child's violator." In our view, the above quoted excerpt indicates that defense counsel was on a fishing expedition which was properly cut short by the trial court's ruling sustaining the prosecutor's objection on relevancy grounds.
Furthermore, although the alleged purpose of the question was to explore the possibility that someone else committed the instant offense, defense counsel did not ask *1199 the victim's mother if she was living with a man at the time of the instant offense. Instead, he asked her if she was "living with anyone at present?" Questioning the victim about whether, at the time of the instant trial, she was living with a man to whom she was not married could be viewed as an irrelevant and improper attempt to attack her credibility and/or character for truthfulness. See La.C.E. arts. 607 C and 608 B. See also State v. Toups, 546 So.2d 549, 551 (La.App. 1st Cir.1989).
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. EIGHT:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial.
In his brief to this Court, the defendant contends that a juror, Paul G. Pontiff, Jr., made a false statement and/or omitted information during voir dire examination. Specifically, defense counsel contends that, when the prospective jurors were asked by the trial court if they or their immediate family members had ever been victims of a violent crime, Mr. Pontiff failed to respond. However, during voir dire examination for a subsequent trial immediately following the defendant's trial, when asked this question, Mr. Pontiff related an incident wherein his thirty-seven year old son had been the victim of a violent crime in which he nearly lost his life. Upon hearing this response, defense counsel informed the trial court that, during voir dire examination in the defendant's trial, Mr. Pontiff had failed to disclose this information. Defense counsel then requested a mistrial, which the trial court denied as untimely.
After a careful examination of the instant voir dire transcript, we conclude that defense counsel was mistaken in his assertion that Mr. Pontiff gave a false statement and/or omitted information during voir dire examination in the instant trial. In fact, the first panel of prospective jurors, of which Mr. Pontiff was a member, was never asked by the trial court if they or their immediate family members had been the victim of any crime. The only question of this type asked by the trial court concerned the crime of rape. After noting that the instant case involved a charge of rape, the trial court asked the first panel of prospective jurors the following questions: "Would the fact that this is a rape case affect any of you's (sic) ability to serve on a jury? Have any of you ever been the victim of a rape or some member of your immediate family been the victim of a rape?" In contrast, during the voir dire examination of the second panel of prospective jurors in this case, the trial court did ask these jurors, whether they, their families, or friends had ever been crime victims. However, since Mr. Pontiff was on the first panel of prospective jurors and, therefore, was never asked this question by the trial court, it follows that he did not give a false statement or omit information during voir dire examination in the instant trial. Obviously, the reason Mr. Pontiff related the incident involving his son at the subsequent trial while he did not do so during voir dire examination at the instant trial, was because he was asked the broad question about crime victims in the subsequent trial, but not in the instant trial.
This assignment of error is meritless.

ASSIGNMENTS OF ERROR NOS. NINE, TEN, AND ELEVEN:
In assignment of error number nine, the defendant contends that the jury verdict was contrary to the law and the evidence. In assignment of error number ten, the defendant contends that the trial court erred in denying his motion for a new trial. In assignment of error number eleven, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal. All of these assignments of error relate to the alleged insufficiency of the evidence to support the instant conviction.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See *1200 La.C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (1990).
La.R.S. 14:42 A(4) provides:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
4. When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
In the instant case, the female victim, who was four years old at the time of the offense and five years old at the time of trial, testified that the defendant, her father, touched her private spot with his private spot. State Exhibit One, her videotaped statement made shortly after the offense occurred, was also introduced into evidence. In this taped statement, the child stated that defendant "put his private spot in mine." Additionally, Vickie Simmons and the victim's mother testified at the trial. According to the trial testimony of Mrs. Simmons and the victim's mother, when they questioned the victim about the incident, she informed them that the defendant had touched her private spot with his private spot. The victim's allegation of sexual intercourse was corroborated by medical evidence. Dr. Ann Lozes, who examined the victim the day after the incident occurred, testified that the victim's hymen was swollen and red. Dr. Lozes also noted an abrasion or tear in the hymen and concluded that the victim had suffered an injury or trauma to the vaginal area within twenty-four to forty-eight hours of the examination.
The defendant testified that he did not have sexual intercourse with the victim. In fact, he testified that he was never alone with the victim that weekend. Several members of the defendant's family also testified that the defendant was never alone with the victim that weekend.
In his brief to this Court, the defendant does not address the victim's testimony. Instead, he refers to the defendant's alibi defense and the fact that the defendant's testimony was supported by the testimony of his family members. The defendant then suggests that the victim's crying and anxiety upon arrival at his mother's home indicates that she was molested before coming to his mother's home.
The defendant's conviction of aggravated rape hinged upon a determination of the credibility of the witnesses. As the trier of fact, the jury was free to accept, or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. The guilty verdict returned in this case indicates that the jury accepted the testimony of the State witnesses and rejected the testimony of the defense witnesses. On appeal, this Court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (1989).
After a careful review of the record, we believe that a rational trier of fact, viewing all of the evidence as favorably to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that the defendant was guilty of aggravated rape.
These assignments of error are meritless.
AFFIRM CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] See former La.R.S. art. 15:469.