laLOTTINGER, Chief Judge.
The defendant, Jocelyn[1] Fields, originally was charged by bill of information with distribution of cocaine. La. R.S. 40:967 A. He pleaded not guilty and elected trial by jury. Subsequently, the charge was amended to distribution of marijuana. La. R.S. 40:966 A.[2] After a jury trial, the defendant was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a second felony habitual offender. He received a sentence of fifteen years at hard labor, with credit for time served. The defendant has appealed, alleging two counseled assignments of error, and one pro se assignment of error,[3] as follows:
1. The trial court erred in allowing the identification testimony of Detective Jerome Fontenot.
2. The evidence was insufficient to support the instant conviction.
3. (Pro se assignment) The trial court erred in allowing the habitual offender proceedings to take place after an order of appeal had been entered.
At approximately 9:40 p.m. on August 4, 1994, while working in an undercover capacity and accompanied by an unidentified confidential informant, Agent Anthony Davis of the River West Narcotics Task Force encountered a man (later identified as the defendant) on St. Cecilia Street in New Roads, Louisiana. Agent Davis informed the defendant that he was looking to purchase some cocaine. The defendant responded that he did not have any cocaine and did not pknow anyone who sold it. However, he did tell Agent Davis that he had some “weed.” Agent Davis asked to see it, whereupon the defendant directed Davis to a nearby convenience store, the U-Save U-Serve Store. After about five minutes, the defendant drove up to the store in a gray Buick. He sold Agent Davis two “ten cent” bags of marijuana and Agent Davis gave the defen *749 dant $20. Agent Davis’ supervisor, Detective Jerome Fontenot of the Pointe Coupee Parish Sheriff’s Office, who was conducting surveillance of the undercover operation, witnessed the drug transaction from a distance of approximately sixty to eighty feet. After the transaction, Agent Davis drove to a nearby location and packaged and labeled the two bags of suspected marijuana. He later gave the evidence to Det. Fontenot and selected the defendant’s photograph from a book of mug shots containing 916 photographs. Subsequent testing at the Louisiana State Police Crime Laboratory (LSPCL) revealed that the substance purchased from the defendant was marijuana.
At the trial, Agent Davis and Det. Fonte-not testified regarding the marijuana transaction, the identification of the defendant as the perpetrator, and the chain of custody of the evidence and its delivery to the LSPCL. Tat-Shing Lam, a technician from the LSPCL, was qualified as an expert in drug analysis. He explained the procedures used to preserve the chain of custody of the evidence and to analyze it scientifically. His testing revealed that the green vegetable material contained marijuana.
The defendant testified that he did not sell any marijuana to Agent Davis. He also testified that he did not have a car at the time of the instant offense. However, the defendant admitted that he had a prior felony conviction for possession of cocaine and that he currently was on probation for that conviction.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in allowing Det. Fontenot to testify at the trial. Specifically, he complains that, although he was afforded open file discovery, the State’s file did not disclose that Det. Fontenot had witnessed the drug transaction. The defendant argues that he was surprised and prejudiced by the late disclosure | Rafter voir dire) that Det. Fontenot had witnessed the transaction and would testify as an identification witness.
In his brief to this Court, the defendant notes that a similar issue was raised in State v. Bennett, 591 So.2d 1198, 1196-1197 (La.App. 1st Cir.1991), writ denied, 594 So.2d 1815 (La.1992). However, he argues that Bennett is distinguishable from the instant case because there was no contemporaneous objection raised in Bennett. Nevertheless, we find Bennett controlling herein. As noted in Bennett, the defendant is generally not entitled to the names and addresses of State witnesses. Furthermore, this Court is a court of review. We cannot possibly review what was, or was.not, presented to the defendant through “open file discovery” unless the State’s file is made a part of the record. Moreover, reviewing the respective arguments which counsel made to the trial court prior to its ruling on this issue, it is apparent that the defendant does not contest the prosecutor’s assertions that: (1) Det. Fontenot’s name was listed in the State’s file; (2) Det. Fontenot was on the witness list provided to the defense prior to trial; and (3) the prosecutor did not know that Det. Fonte-not had actually witnessed this drug transaction until after voir dire examination, at which time he made known to defense counsel this information. Defense counsel acknowledged that Det. Fontenot’s name was fisted in the file. However, he argued that Det. Fontenot was a witness in every drug case because he was the supervisor of the undercover operation and he received the evidence which he then presented to the LSPCL. Since the defendant was aware that Det. Fontenot was a potential witness in the case, and there is no indication that the prosecutor deliberately withheld any information in this matter, we find no error in the trial court’s ruling allowing Det. Fontenot to testify as a witness to the drug transaction and to the defendant’s identity as the perpetrator.
For the above reasons, this assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the evidence was insufficient to support his conviction. We note *750 that, in order to challenge this conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post [sverdict judgment of acquittal. See La.Code Crim. P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. See La.Code Crim. P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La.App. 1st Cir.1984).
In his brief to this Court, the defendant does not contest the fact that a drug transaction occurred. Instead, he raises the issue of the identification by Agent Davis, who had never met the defendant before the date of the instant drug transaction. He also complains that, if Det. Fontenot’s identification testimony had been disallowed as a discovery violation, there would be insufficient identification evidence to convict.
Where the key issue is the defendant’s identity as the perpetrator, rather than whether or not the crime was committed, the State is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, 38 (La. App. 1st Cir.1984). As noted in our treatment of the previous assignment of error, we have found no error in the trial court’s ruling allowing Det. Fontenot’s identification testimony. In the instant case, two law enforcement officers identified the defendant in court as the person from whom Agent Davis purchased marijuana. Their testimony identifying the defendant as the perpetrator of this offense was sufficient to negate any reasonable probability of misidentification. Although Agent Davis never met the defendant prior to the marijuana transaction, he identified the defendant’s photograph approximately two hours after the transaction from a mug shot book containing 916 photographs. Furthermore, Det. Fontenot, who knew the defendant, also observed the drug transaction.
As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d at 38. Furthermore, where there is |6conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. The unanimous guilty verdict returned in this ease indicates that the jury accepted the testimony of the State’s witnesses and rejected the defendant’s testimony denying his involvement.
After a careful review of the record, we believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the State proved beyond a reasonable doubt that the defendant committed the offense of distribution of marijuana.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER THREE (PRO SE ASSIGNMENT OF ERROR)
In this pro se assignment of error, the defendant contends that the trial court erred in allowing the habitual offender proceedings to take place after an order of appeal had been entered. Specifically, the defendant contends that the trial court was, at that point, divested of jurisdiction.
La.Code Crim. P. art. 916(8) provides:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
[[Image here]]
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
*751 Article 916(8) was enacted by 1986 La. Acts No. 851, § 1, effective August 30, 1986, and had the effect of legislatively overruling State v. Duncan, 488 So.2d 1225, 1226 (La. App. 4th Cir.1986), and the other cases cited by the defendant.
This assignment of error is meritless. CONVICTION AND SENTENCE AFFIRMED.

. There are several different spellings of the defendant’s first name in the record and the briefs. We have used the spelling from the bill of information and the trial transcript.

. We note a patent error. The court minutes do not indicate that the defendant was rearraigned after the charge was amended to distribution of marijuana. Nevertheless, the defendant does not allege, nor do we find, any prejudice. In any event, failure to rearraign the defendant was waived, since he did not object before trial. La. Code Crim. P. art. 555; State v. Delatte, 504 So.2d 1067, 1068 n. 1 (La.App. 1st Cir.1987).

.The record does not contain any assignments of error. The assignments of error are taken from the defendant's counseled and pro se briefs. Although the defendant did not properly designate these assignments of error as required by La. Code Crim. P. arts. 844, 916(1) and (5), and 920, this Court is bound to review the errors assigned and argued in his brief in accordance with the Supreme Court’s ruling in State v. Galliano, 94-2030, 94-2280 (La.1/6/95); 648 So.2d 911. See State v. Galliano, 93-1101, p. 2 (La.App. 1st Cir. 5/5/95); 655 So.2d 538, 540 n. 1.