J^FITZSIMMONS, J.
Kerry Peters was charged by bill of information with attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1. He pled not guilty. After trial by jury, he was convicted as charged. The court sentenced defendant to serve a term of thirty years’ imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant has appealed, urging two assignments of error.

FACTS

At various times over seventeen years, defendant and the victim, Patricia Johnson, were romantically involved, sometimes living together as husband and wife. They had two children together. At the time of the offense, Ms. Johnson lived in Baton Rouge with her children and her brother, Larry Johnson. At about 3 a.m. on June 1, 1998, defendant arrived at Ms. Johnson’s residence. He repeatedly asked Ms. Johnson to take him back, but she refused.
Shortly after 6 a.m., Larry’s friend, Andrew Johnson (not related), arrived to take Larry to work. Andrew and Ms. Johnson had been involved romantically. When Andrew arrived at the residence, defendant was still there. While the victim was putting water into her car’s engine, Andrew was standing on the porch waiting for Larry. Defendant asked Ms. Johnson who she was seeing at the time. She replied that it was none of his business. Defendant then stabbed the victim several times with a small knife. When Andrew realized what had happened, he ran toward the victim. Defendant then started after Andrew, breaking a window in the victim’s car as he ran. Andrew secured a gun from inside his vehicle and pursued defendant. Andrew fired about four shots at defendant. He did not learn until later that he had shot defendant.

SUFFICIENCY OF THE EVIDENCE

In the first assignment of error, defendant contends the evidence was not sufficient to prove he was the person who stabbed the victim. Defendant argues that the evidence supports a finding that it was Andrew Johnson, and not defendant, who stabbed the victim.
In reviewing claims challenging the sufficiency of the evidence, this court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). See also La.Code Crim. P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
The victim had no recollection of the stabbing. The last thing she remembered before the incident was talking to defendant at the front of her car. The next thing she knew, she was on the ground, bleeding, and trying to get up. She testified that she did not expect defendant to stab her, and did not see a knife in his hands as they spoke.
Andrew Johnson witnessed the incident. He testified that he saw defendant punching the victim. He then saw that defendant had a knife. On appeal, defendant claims Andrew’s testimony about the incident is “questionable.”
It is well settled that the trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). A reviewing court is not called upon to decide if it believes the witnesses or if the conviction is contrary to *1272 the weight of the evidence. Mussall, 523 So.2d at 1311.
Andrew’s testimony was corroborated by other witnesses. The victim’s son was sitting in the car during the attack. Although he did not see defendant with a knife, he saw defendant hitting the victim. When the son got out of the car, he noticed his mother was bleeding. He did not see Andrew, or anyone else, hit his mother. The victim identified a knife found at the scene as one of her kitchen knives. Larry Johnson testified that he saw defendant coming from the kitchen just prior to the incident. The victim and her brother both testified that Andrew and defendant did not have an argument that morning, and Andrew denied being the person who stabbed the victim.
Under these factual circumstances, the state proved beyond a reasonable doubt that defendant was the person who stabbed the victim. This assignment of error lacks merit.

EXCESSIVE SENTENCE

In the second assignment, defendant maintains his sentence is excessive, and his attorney was ineffective for not filing a motion to reconsider sentence as required by La.Code Crim. P. art. 881.1. We will examine the sentence for exces-siveness even in the absence of a motion to reconsider sentence, because it is necessary to do so as |4part of the analysis of the ineffective counsel issue. See State v. Bickham, 98-1839, p. 7 (La.App. 1st Cir.6/25/99), 739 So.2d 887, 891-92.
The penalty for attempted second degree murder is imprisonment at hard labor for not less than ten and not more than fifty years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:27(D)(1) & 14:30.1(B). Defendant’s sentence of thirty years at hard labor without benefit of parole complies with the statutory requirements.
Although a sentence falls within statutory limits, it may be excessive. However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. Bickham, 98-1839 at p. 7, 739 So.2d at 892.
Before imposing sentence, the court reviewed the presentence investigation report. The court noted defendant was classified as a third felony offender, with previous felony convictions for theft and simple criminal damage to property. Defendant’s probation in his most recent felony conviction was revoked. He was paroled on that conviction less than six months before the instant offense. Defendant’s criminal record also contains arrests for aggravated battery, simple battery (three separate arrests), and unauthorized entry of an inhabited dwelling. According to the victim, defendant had a history of violence toward her. The court summarized the facts of the current offense. The court described the offense as both a crime of violence and a crime against a person. As a result of the injuries sustained during the attack, the victim required surgery to repair her liver and diaphragm. She missed thirty-one days of work. Defendant, who was thirty-five years old, dropped out of high school after the eleventh grade. He admitted to having a serious drug problem. The court concluded that defendant was in need of correctional treatment in a custodial environment.
On appeal, defendant offers no specific reason in support of his claim of excessiveness. Based on the entirety of the record, and considering in particular the crime and defendant’s criminal record, we are convinced that the instant sentence does not constitute an abuse of the trial court’s sentencing discretion. Thus, the sentence is not unconstitutionally excessive.
IsConsequently, even assuming trial counsel’s failure to properly preserve defendant’s claim alleging excessive sentence constituted deficient performance, defendant clearly suffered no prejudice, as the *1273 instant sentence is not excessive. We find no merit in the second assignment of error.
CONVICTION AND SENTENCE AFFIRMED.