SHORTESS, Judge.
Marvin Lee Smith (defendant) and John Litt were charged by bill of information for attempted simple burglary of a structure housing Satellite Motors in Baton Rouge, in violation of La.R.S. 14:27 and La.R.S. 14:62. After a jury trial, they were found guilty as charged. Defendant was adjudged a third felony offender at a habitual offender hearing. He was sentenced to five years at hard labor, with credit for time served as a result of his arrest on this charge only, from arrest to bond date and from conviction or remand to imposition of sentence. He appeals his conviction and sentence, alleging two assignments of error.
At approximately 10:00 p.m. on August 10, 1981, William Broadhurst, a Baton Rouge city police officer, observed two males attempting to enter a building on the Satellite Motors used car lot located at 2300 Scenic Highway. Broadhurst testified that while driving by the lot he saw defendant with his hands on the front doorknob of a small building located within the fenced lot. Defendant was pushing on the door. He parked his unit and proceeded to the back of the building. There he saw defendant attempting to pry the casing off an air conditioning unit in a window of the building with some sort of tool. After backup police units arrived, Broadhurst yelled to the men to halt their activity. Defendant ran but was caught and arrested.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends the trial court erred in denying his motion for mistrial. On the second day of trial, defense counsel argued that inculpatory statements had been offered on the first day of trial during Broad-hurst’s testimony and were admitted without prior notice as required under La.C. Cr.P. art. 768.[1] He further argues that the *264 State denied it possessed any inculpatory statements in its answers to his motion for discovery.
Initially, we note that no contemporaneous objections were made to any of the statements during the testimony of the police officer. Irregularities or errors cannot be availed of on appeal if they are not objected to at the time of occurrence. La. C.Cr.P. art. 841; State v. Morris, 429 So.2d 111 (La.1983); State v. Thomas, 427 So.2d 428 (La.1983).
The statement “you got me” came as part of a narrative response to the State’s questioning when Broadhurst said:
He attempted to climb the fence and as he approached it, police officers were on the other side, at which time Smith gave up. At that time I climbed over the fence. Smith said, you got me.
Defendant’s statement was part of the res gestae. La.R.S. arts. 15:447 and 448. Notice of an intent to offer an accused’s inculpatory statement under La.C. Cr.P. art. 768 is not required when the statement sought to be admitted forms part of the res gestae. State v. Barnes, 414 So.2d 711 (La.1982).
With respect to the statements regarding the car registration, we note that the defense introduced this evidence while Broadhurst was under cross-examination. The transcript shows the following dialogue between defense counsel and Broad-hurst:
Q Now, in Mr. Roy’s opening statement he talked about a car was found in the area. Did you find a car in the area?
A Yes, sir.
Q Whose car was that?
A Smith’s.
Q How do you know that?
A We ran a registration.
Q It was registered to Mr. Smith?
A As far as I remember, no, it wasn’t, but Smith told us it was his vehicle.
Q It wasn’t in his name but he told you it was his vehicle?
A Yes, sir.
Broadhurst’s answers were responsive to counsel’s questions. While the statements may have been obliquely inculpatory, the State did not offer these statements. So it was not necessary for the State to advise defendant in writing that it intended to use this statement. C.Cr.P. art. 768. See also State v. Russell, 416 So.2d 1283 (La.1982). Additionally, it was not required to inform defendant of the statement as per La.C.Cr.P. art. 716(B) because it did not intend to use the statement.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends the trial court erred in imposing an excessive sentence. Since defendant was adjudged a third felony offender, the sentencing range for this conviction was between three and twelve years. Wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits; in the absence of manifest abuse, his sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La.App. 1st Cir.1983).
In light of the fact that defendant was adjudged a third felony offender, the trial judge’s reasons, and defendant’s past criminal history (which includes eighteen arrests since 1970 and a parole revocation), we find that there was no abuse of the discretion afforded the trial judge.
Both assignments of error are without merit. Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. On direct examination, Broadhurst stated that defendant said "you got me” when he was cornered by police. The second statement was made on cross-examination when Broadhurst stated that defendant said "you caught me” at the time of arrest. Later, while Broadhurst was under cross-examination, defense counsel asked if a car found in the area was registered to defendant. Broadhurst testified that the car *264 was not registered to defendant but that defendant told him that it was his vehicle.