THERIOT, J.
*192 The defendant, Tyrone Folse, was charged by bill of information in district court docket number 711282 with residential contractor fraud when the misappropriation or intentional taking amounts to a value of one thousand five hundred dollars or more, a violation of La. R.S. 14:202.1(C)(3) (prior to amendment by 2017 La. Acts, No. 281, § 1).[1] [2] He pled not guilty and, after a trial by jury, was found guilty as charged. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. The defendant was sentenced to five years imprisonment at hard labor and ordered to pay four thousand dollars of restitution within six months of his release, or in default thereof, to serve an additional two years imprisonment at hard labor. The trial court further ordered that the sentence be served consecutive to any other sentence. The defendant now appeals, assigning error to the trial court's denial of a challenge for cause to strike a juror, the admission of his pretrial statement, statements by the prosecution at trial, the constitutionality and legality of the sentence, and the sufficiency of the evidence. For the following reasons, we affirm the conviction and sentence.
STATEMENT OF FACTS
On January 7, 2015, Billy Burrow, Jr., the victim herein, entered into a contract with the defendant wherein the defendant agreed to install a privacy fence, consisting of a cyclone fence, around the backyard of his residence located at 127 Presque Isle in Houma. The defendant specifically agreed to install seventy-seven feet of wooden fencing at a height of six feet, using pine and two gates. The total contract price was $5,500.00, and Burrow paid the defendant $4,000.00 in cash up front as a down payment, for which the defendant provided him with a receipt. The remaining balance of $1,500.00 was to be paid upon completion of the job. According to Burrow, the defendant never completed the work and did not reimburse Burrow any portion of the $4,000.00 down payment.
ASSIGNMENTS OF ERROR
The defendant cites seven assignments of error:
1. The trial court erred in failing to strike Juror Shanida Kanach for cause since Ms. Kanach admitted to being unable to fully read and understand the English language.
2. The trial court erred in allowing the defendant's statement to be introduced over the objection of defense *193 counsel since the state failed to read the defendant his Miranda[3] rights prior to taking his statement.[4]
3. The trial court erred in failing to strike prejudicial statements made by the prosecution and failed to give an order for the jury to disregard the same.
4. The trial court's sentence of five (5) years on each count to be served consecutively is grossly disproportionate, excessive, cruel, and unusual.
5. The trial court erred in failing to grant the defendant's motion for a new trial since the evidence was not sufficient to uphold a conviction. The state failed to prove each and every element of the offense charged.
6. The trial court erred in denying the defendant's motion for reconsideration of sentence to cure an excessive and illegal sentence.
7. The trial court erred in denying the defendant's motion for reconsideration of sentence to cure an excessive and illegal sentence.
SUFFICIENCY OF THE EVIDENCE
In assignment of error number five, the defendant argues that evidence was not sufficient to uphold the conviction. Thus, he asserts in assignment of error number five that the trial court should have granted his motion for new trial. As to each of the three cases, the defendant argues that the State failed to prove the element of "greater than $1,500.00" as well as whether no work was done after receiving payment. He argues that the State's assertion at trial that any forty-five day period of no work was sufficient to constitute a violation of La. R.S. 14:202.1 is a misreading of the statute. In that regard, he argues that the statute is clear and unambiguous in that the legislative intent is to charge a defendant if zero work is done on the contract. He concludes that as to each contract, a lot of work was done on each parcel of property that he entered into a contract to make improvements thereto.[5]
As to the instant offense involving the contract with Burrow, the defendant claims that Burrow paid him $4,000.00 out of a total contract price of $5,500.00. The defendant claims that eighty percent of the work was completed at a value of $4,400.00 dollars. The defendant contends that Burrow admitted that some of the work was completed but testified that numerous issues arose between him and the defendant that he wanted corrected.
When issues are raised on appeal contesting the sufficiency of the evidence and alleging one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to a retrial under Hudson v. Louisiana , 450 U.S. 40, 43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proven beyond a reasonable doubt. When the entirety of the evidence *194 is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion of trial error issues as to that crime would be pure dicta since those issues are moot. However, when the entirety of the evidence is sufficient to support the conviction, the accused is not entitled to a retrial, and the reviewing court must then consider the other assignments of error to determine whether the accused is entitled to a new trial. If the reviewing court determines that there has been trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused will be granted a new trial, but is not entitled to an acquittal. See State v. Hearold , 603 So.2d 731, 734 (La. 1992).
A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV ; La. Const. art. I, § 2. The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia , requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P. art. 821(B) ; State v. Ordodi , 2006-0207 (La. 11/29/06), 946 So.2d 654, 660. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, which states in part, "assuming every fact to be proved that the evidence tends to prove," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438 ; State v. Wright , 98-0601 (La. App. 1st Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157 & 2000-0895 (La. 11/17/00), 773 So.2d 732.
Pursuant to La. R.S. 14:202.1(A) (as in effect at the time of the offense), in pertinent part, residential contractor fraud is the misappropriation or intentional taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations by a person who has contracted to perform any home improvement or residential construction. Under the pertinent part of the statute, a misappropriation or intentional taking may be inferred when a person "[f]ails to perform any work during a forty-five-day period of time or longer after receiving payment, unless a longer period is specified in the contract." La. R.S. 14:202.1(A)(1). In this case, the State was additionally required to prove that the misappropriation or intentional taking amounted to a value of one thousand five hundred dollars or more. La. R.S. 14:202.1(C)(3). The cost of repairing work fraudulently performed by the contractor and the cost of completing work for which the contractor was paid but did not complete shall be included in determining the amount of the misappropriation or intentional taking. La. R.S. 14:202.1(C)(4).
In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Higgins , 2003-1980 (La. 4/1/05), 898 So.2d 1219, 1226, cert. denied, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005). Further, the testimony of the victim alone is sufficient to prove the elements of the offense. State v. Dickerson , 2016-1336 (La. App. 1st Cir. 4/12/17), 218 So.3d 633, 640.
Pertinent to the instant case, the State introduced photographs of the backyard of the residence, additional photographs, videos, and a fence diagram. The State further introduced a page of text messages, and a single text message dated August 26, 2015. Further, the State introduced *195 a copy of a waiver of rights form and the defendant's pretrial recorded statement. Burrow testified as follows regarding the work that the defendant began after Burrow paid him the $4,000.00 down payment: "He-on the right side of my house, he put probably about 8 to 10 fence poles in the ground and then installed part of the cyclone fence in the back on the backyard." When asked if the defendant did any additional work, Burrow stated that the defendant installed a privacy fence around his pool, but noted that it had to be removed as it was installed over rotten wood. He indicated that under the contract, the defendant was obligated to do additional work to complete the fence, including the installation of the rest of the cyclone fence, a twelve-foot double gate, and a six-foot gate. He estimated that the defendant last worked on the project in June or July of 2015 and never returned to perform any work after that time period. Burrow further testified that he was not aware of any hindrances that prevented the defendant from coming to his house to complete the work. Burrow identified the photographs of his property depicting the incomplete work. He confirmed that the portion of the work performed under the contract was done in or prior to July of 2015, before he took a vacation that month. When he returned, the defendant had not performed any additional work. Burrow saved all of his text message communications with the defendant from January 10, 2015 to the last communication on August 26, 2015. The defendant did not respond to some of the text messages, including the final one in August.
Lieutenant Michelle Blades of the Terrebonne Parish Sheriff's Office investigated two of the defendant's residential contractor fraud cases (docket nos. 711282 and 712011), made contact with the victims, and took pertinent photographs. She interviewed the defendant on October 12, 2015, after he was arrested for the charge of home improvement fraud. The defendant was advised of his Miranda rights and signed a waiver of rights form and provided a recorded interview. During the interview the defendant confirmed that the total contract price was $5,500.00, and that Burrow paid him "something like" the amount of $4,000.00 for materials in January of 2015, though he recalled Burrow paying by check, as opposed to cash. He further confirmed that the project was never completed and that he last worked on the project in July of 2015, before the victim took a vacation. When asked why no work was performed after that date, the defendant stated, "Cause I been doing other jobs." When asked why the gate was never installed, the defendant stated, "Like yeah it wasn't installed because of the rain and stuff like that."
At trial, the defendant testified that he completed approximately eighty-five percent of the work under the contract. He also stated that Burrow would sometimes "nitpick" regarding the work that had been done. The defendant denied taking down the fencing that he placed around the pool. As in his pretrial interview, he again admitted that he did not perform any work on the project after July of 2015. He testified that he intended to complete the project and denied making any profit from the contract.
The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson , 459 So.2d 31, 38 (La. App. 1st Cir. 1984). The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a fact finder's determination of guilt. State v. Taylor , 97-2261 (La. App. 1st Cir. 9/25/98), 721 So.2d 929, 932.
*196 We reject the defendant's argument that the statute requires no work ever being performed under the contract. The interpretation of any statutory provision starts with the language of the statute itself. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. State v. Oliphant , 2012-1176 (La. 3/19/13), 113 So.3d 165, 168 (citations omitted). La. R.S. 14:202.1 provides a forty-five day duration in regard to the lack of the performance of any work, as opposed to requiring a total absence of work under the full term of the contractual obligation.
The evidence presented, including the defendant's own testimony, shows that he received a $4,000.00 down payment, and that he last worked on the project in July of 2015. As noted, the defendant was arrested for the charge of home improvement fraud in October of 2015. Accordingly, as the defendant concedes, the defendant failed to perform any work in excess of a forty-five day period after receiving payment. We note that the defendant's claim that he completed eighty-five percent of the work was inconsistent with Burrow's testimony. The trier of fact was free to reject the defendant's claim. Richardson , 459 So.2d at 38. In reviewing the evidence, we cannot say that the jury's determination was irrational under the facts and circumstances presented. See Ordodi , 946 So.2d at 662.
An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. State v. Calloway , 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (per curiam). A court of appeal impinges on a fact finder's discretion beyond the extent necessary to guarantee the fundamental protection of due process of law in accepting a hypothesis of innocence that was not unreasonably rejected by the fact finder. See State v. Mire , 2014-2295 (La. 1/27/16), --- So.3d ----, ----, 2016 WL 314814 (per curiam); State v. Mussall , 523 So.2d 1305, 1310 (La. 1988). Based on our careful review of the record, we are convinced that any rational trier of fact, viewing the evidence presented at trial in the light most favorable to the State, could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of the offense of residential contractor fraud when the misappropriation or intentional taking amounts to a value of one thousand five hundred dollars or more. Accordingly, assignment of error number five lacks merit.
CHALLENGE FOR CAUSE
In assignment of error number one, the defendant argues that the trial court erred in denying his challenge for cause to strike prospective juror Shanida Kanach. The defendant contends that Kanach stated on the record that she has a basic understanding of the English language. The defendant argues that her ability to understand the written English language is deficient, noting that the record indicates that she needed assistance with certain words while attempting to read the newspaper. Further noting that each case involves written contracts and/or text messages, and strict interpretation of jury instructions, the defendant argues that the ability to read is not equivalent to the ability to write or speak English in basic terms. He notes that he was required to *197 use a peremptory challenge to strike Kanach.
An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const., art. I, § 17 (A). The purpose of voir dire examination is to determine prospective jurors' qualifications by testing their competency and impartiality and discovering bases for intelligent exercise of cause and peremptory challenges. State v. Mills , 2013-0573 (La. App. 1st Cir. 8/27/14), 153 So.3d 481, 486, writs denied, 2014-2027 (La. 5/22/15), 170 So.3d 982 & 2014-2269 (La. 9/18/15), 178 So.3d 139. An erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error; therefore, prejudice is presumed when a defendant's challenge for cause is erroneously denied and the defendant exhausts all of his peremptory challenges. State v. Taylor , 2003-1834 (La. 5/25/04), 875 So.2d 58, 62. In this case, the defendant exhausted all of his peremptory challenges.
Louisiana Code of Criminal Procedure article 401, in pertinent part, states that jurors must be able to read, write, and speak English. The question of a juror's qualifications is addressed to the sound discretion of the trial judge. Mills , 153 So.3d at 488 ; State v. Lewis , 2012-0803 (La. App. 4th Cir. 9/25/13), 125 So.3d 1252, 1263, writ denied, 2013-2537 (La. 6/20/14), 141 So.3d 279. A trial court is afforded broad discretion in determining whether to strike a juror for cause because of the trial court's ability to form a first-person impression of prospective jurors during voir dire. State v. Brown , 2005-1676 (La. App. 1st Cir. 5/5/06), 935 So.2d 211, 214, writ denied, 2006-1586 (La. 1/8/07), 948 So.2d 121. Therefore, the trial court's rulings will not be disturbed unless a review of the voir dire as a whole indicates an abuse of that discretion, State v. Lee , 637 So.2d 102, 108 (La. 1994).
When questioned regarding her ability to read, write, and speak English, Shanida Kanach stated, "I may not understand the word or the question, you know." When asked to identify her primary language, Kanach stated, "Thailand," noting that she had been living in the United States since 1979. She stated that she worked as a ceramics teacher and operated her own ceramic shop. When asked if she was able to read the local newspaper, she stated, "Somewhat. Not -- sometimes I have to ask somebody what does that mean, what does that mean." She confirmed that she was able to write in the English language, though she noted that she had some difficulty with proper spelling. She confirmed that she was able to understand what the trial judge was saying to her.
In challenging Kanach for cause, the defense counsel claimed that due to her "language barrier" she would not be able to follow the intricacies of the trial. The State noted that Kanach had no difficulty participating in the back and forth colloquy with the trial judge. The trial court agreed, noting that it would provide a special instruction to her in particular and everyone, to raise their hand if questions or answers were stated too fast. The defense counsel responded, "That's fine." The defense counsel further thanked the court for the decision to provide the special instruction.
We note that a defendant may not assign as error on appeal a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. La. Code Crim. P. art. 800(A) ; Mills , 153 So.3d at 486. In this case, the defense counsel acquiesced and thanked the court as to its decision to give a special instruction as opposed to *198 sustaining the challenge for cause. Moreover, the trial court conducted a colloquy with the prospective juror and was satisfied with her ability to understand the English language. Kanach lived in the United States since 1979, worked in the United States, and operated her own business. After a thorough review, we find no abuse of discretion in the trial court's ruling that denied the for-cause challenge of Kanach. Assignment of error number one lacks merit.
STATEMENTS BY THE PROSECUTION AT TRIAL
In assignment of error number three, the defendant contends that the prosecutor used a text message that was admittedly taken out of context, in an attempt to convey the victims' feelings. Noting that the prosecutor specifically quoted a Bible verse,[6] the defendant argues that the comment was "out-of-place" and had nothing to do with the conclusions that could be drawn from the evidence. The defendant contends that the statement was outside of the scope of proper closing argument. The defendant argues that the statement could have influenced the jury in an inappropriate manner to make a decision based on the State's implication that the verse was a reflection of the victims' feelings and the use of the verse to refer to the defendant as a thief. He concludes that the Biblical quote improperly influenced the jury, likely could have affected the verdict, and that he was denied his due process right to a fair and impartial trial due to the trial court's failure to provide a curative instruction.
Closing arguments in criminal cases should be restricted to the evidence admitted, to the lack of evidence, to conclusions of fact that may be drawn therefrom, and to the law applicable to the case. Further, the State's rebuttal shall be confined to answering the argument of the defendant. See La. Code Crim. P. art. 774. Prosecutors are allowed wide latitude in choosing closing argument tactics. State v. Draughn , 2005-1825 (La. 1/17/07), 950 So.2d 583, 614, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). However, even if the prosecutor exceeds these bounds, the court will not reverse a conviction if not "thoroughly convinced" that the argument influenced the jury and contributed to the verdict. See State v. Martin , 93-0285 (La. 10/17/94), 645 So.2d 190, 200, cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995) ; State v. Vansant , 2014-1705 (La. App. 1st Cir. 4/24/15), 170 So.3d 1059, 1063 ; State v. Prestridge , 399 So.2d 564, 580 (La. 1981). Mills , 153 So.3d at 496. The trial judge has broad discretion in controlling the scope of closing arguments.
We note that the defendant did not object to the closing arguments. "A defendant's failure to object contemporaneously to improper argument by the prosecutor waives any claim on appeal based on the argument." State v. Johnson , 2000-0680 (La. App. 1st Cir. 12/22/00), 775 So.2d 670, 680, writ denied, 2002-1368 (La. 5/30/03), 845 So.2d 1066 ; See also La. Code Crim. P. art. 841. Irregularities or errors cannot be availed of on appeal if no objection is made at the time of the occurrence.
*199 State v. Walker , 94-0587 (La. App. 1st Cir. 4/7/95), 654 So.2d 451, 453, writs denied, 95-1124 & 95-1125 (La. 9/22/95), 660 So.2d 470. "The grounds for objection must be sufficiently brought to the court's attention to allow it the opportunity to make the proper ruling and prevent or cure any error." State v. Trahan , 93-1116 (La. App. 1st Cir. 5/20/94), 637 So.2d 694, 704. Thus, we find no merit in this assignment of error.
THE CONSTITUTIONALITY AND LEGALITY OF THE SENTENCING
In assignments of error numbers four, six, and seven, the defendant argues that the trial court's imposition of five years imprisonment at hard labor on each count to be served consecutively is grossly disproportionate, excessive, and cruel and unusual. He notes that he was ordered to pay restitution of $2,700.00 to victim Don Hebert, $4,000.00 to Burrow, and $8,000.00 to victim Larry Wells, and to serve two years of imprisonment at hard labor in each case in default of paying restitution (totaling $14,700.00) within six months. The defendant argues that there were no aggravating factors and cites several other cases, contending that a review of other cases across the State shows that his sentences are excessive. In assignment of error number seven, the defendant argues that the trial court erred in denying his motion to reconsider sentence. He adds the argument that a sentence should be considered excessive if it is in excess of the maximum sentence that could be imposed upon a defendant in a more egregious case. In support of this argument, he contends that the legislature intended to formulate the punishment for a violation of La. R.S. 14:202.1 by taking the amount of fraud into consideration.[7] Thus, he argues that the sentences imposed are in conflict with the legislative intent in formulating respective punishments for violations of the statute.[8]
Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst , 99-2868 (La. App. 1st Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La. 10/5/01), 798 So.2d 962.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before *200 imposing sentence. La. Code Crim. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin , 562 So.2d 1, 11 (La. App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins , 532 So.2d 1182, 1186 (La. App. 1st Cir. 1988).
Upon a conviction of residential contractor fraud when the misappropriation or intentional taking amounts to a value of one thousand five hundred dollars or more, the offender shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. La. R.S. 14:202.1(C)(3) (prior to amendment by 2017 La. Acts No. 281, § 1). We note that the defendant was sentenced to mid-range sentences of five years imprisonment at hard labor in each case. The trial court considered the facts and circumstances of the cases and the victims' testimony prior to the imposition of the sentences. While the defendant challenges the trial court's order that the sentences in the cases be served consecutively, we note that the cases all involve different victims and different sets of circumstances and time periods. The offenses were not based on the same act or transaction and did not constitute parts of a common scheme or plan.[9] We also reject the defendant's argument that the trial court erred in failing to consider sentences imposed in similar cases. There is little value in making sentencing comparisons. It is well settled that sentences must be individualized to the particular offender and to the particular offense committed. State v. Batiste , 594 So.2d 1, 3 (La. App. 1st Cir. 1991). Based on our thorough review of the record, we find that the sentence was not grossly disproportionate to the severity of the offense, and thus was not unconstitutionally excessive. Accordingly, these assignments of error are without merit.
CONVICTION AND SENTENCE AFFIRMED.
Penzato, J. concurs

The defendant has two additional pending appeals for cases that were combined with the instant case for trial, also involving violations of La. R.S. 14:202.1. Specifically, in 2018-KA-0154 (district court docket number 712011), the defendant appeals another conviction of residential contractor fraud, and in 2018-KA-0152 (district court docket number 689846), the defendant appeals a conviction of home improvement fraud, denoted consistently with the version of the statute in effect at the time of that offense (prior to amendment by 2014 La. Acts, No. 62, § 1).

The bill of information erroneously states that the defendant violated La. R.S. 14:202.1(F), which is not included in the statute that was in effect at the time of the offense. However, the defendant did not file a motion to quash the bill of information. See La. C.Cr.P. art. 532(A)(1).

Miranda v. Arizona , 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

The second assignment of error is specific to the defendant's appeal in 2018 KA 0152 State v. Tyrone Folse and will not be considered in this appeal.

The defendant confuses the victims in his brief under assignment of error number five, listing Larry Wells as the victim in two cases. The correct names in accordance with the record are provided herein.

The defendant specifically references the following statement by the prosecutor during closing arguments at trial: "This, I think, is a good summary of the feelings of the victims in this case. It was on one of the text messages. A text message from one of the victims to the defendant, 'Ephesians 4:28, let the thief no longer steal, but yet let him labor, doing honest work with his own hands so that he may have something to share with everyone in need.' "

The defendant specifically states the following on page 33 of his brief in footnote 4:
Hypothetically, a person could commit Residential Contractor Fraud in an amount clearly in excess of the amount in the instant case ($14,700.00) and receive a lesser sentence. Theoretically, if there is one victim who suffers from Residential Contractor Fraud greater than the total amount claimed by the State as defrauded here can only get a maximum sentence of ten (10) years, whereas your Appellant received a total of fifteen (15) years - five (5) years for each charge [to run] consecutively.

The defendant is not challenging the legality or constitutionality of the statute and does not otherwise challenge the legality of his sentences.

The law concerning consecutive sentences, La. Code Crim. P. art. 883, in pertinent part, provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently....